FILED
SUPERIOR COURT
OF GUAM

2022 JUL 26 AM 11: 53

CLERK OF COURT

BY:_____

**IN THE SUPERIOR COURT OF GUAM**

| IN THE MATTER OF THE ESTATE OF SOLEDAD ANDERSON LUJAN, Deceased. | PROBATE CASE NO.: PR0064-05 **DECISION AND ORDER** *Motion for Order Re: Filing of Accounting* |
|---|---|

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on March 22, 2022, for a hearing on the Motion for Order Re Filing of Accounting. Present at the hearing were: Attorney Georgette Bello Conception for Heirs Ruth Cortez, Roland Watkins, and Rodney Watkins (collectively "Heirs"); and Attorney Curtis Van De Veld for Executor Jesse Anderson Lujan ("Executor"). Having considered the arguments, beliefs, and the applicable law, the Court hereby **GRANTS** the Heirs' Motion for an Accounting, **APPOINTS** Zeny Asuncion Nace, Certified Public Accountant/MBA, to serve as the forensic accountant in the instant case, and **ORDERS** that the parties work collaboratively to engage the services of the appointed forensic accountant who will be paid for by the Estate.

## BACKGROUND

Soledad Anderson Lujan ("Decedent") died on April 29, 2004, and this case was initiated on May 12, 2005, when a Petition for Probate of Will was filed. On July 14, 2005, Jesse Anderson was appointed as Executor of the Estate. On December 3, 2010, Lujan Aguigui & Perez LLP, entered its appearance as counsel for the Heirs. Then on June 20, 2011, the matter was assigned to this Court.

On November 28, 2016, Executor filed a Final Accounting and Petition for Final Distribution of the Estate.

On February 5, 2020, the Heirs filed a Substitution of Counsel wherein they indicated that Brooks Conception Law P.C., as the attorney of record in place of Lujan & Wolff, LLP.

On March 10, 2020, the Heirs filed a Motion for Order Re: Filing of Accounting and Memorandum of Points and Authorities. The Motion sought an accounting of all monies received and expended by the Executor, to include taxes and rent collected from Marianas Properties, LLC ("Pacific Star"). A status hearing was held that same day wherein Executor indicated that an accounting of the Estate was done about two (2) years ago. The Court then indicated that nothing in the record reflects that there was an accounting filed with the Court, and that if Executor has such an accounting to provide it to the Heirs.

On May 21, 2020, the Heirs filed an Objection to the Final Accounting and Petition for Final Distribution of the Estate that Executor filed back in November 28, 2016.

A status hearing was held on February 23, 2021. At that hearing the Court held that in light of Executor's COVID-19 travel restrictions, and the concerns raised by the Heirs, the Court ordered that there shall be no further expenditures from the Estate without the consent of Attorney Georgette Conception and the Heirs effective February 23, 2021. The Court further ordered that Executor shall take steps necessary to deliver the Estate funds to the Clerk of

Court, and the Clerk of Court shall receive such funds and deposit the same in a separate, interest bearing account in the Court's registry. Finally, the Court ordered that all rental payments from the Pacific Star lease be deposited to the Court.

Another status hearing was held on June 8, 2021, where it was reported that Executor had recently returned from the Philippines and that the rental payments have been brought to current. The Heirs also requested an accounting before the final distribution of the Estate. Executor represented that an inventory with an accounting was submitted and that there was nothing more to do. The Heirs then reported that the property Executor proposes to give them does not belong to the Estate, and that the accounting the Executor speaks of is old and not sufficient. The Court then gave Executor 30 days to comply with the order issued on February 23, 2021.

On September 13, 2021, the Heirs raised the Objection to Final Accounting filed on May 21, 2020. In light of the Objection, the Court continued the matter for 60 days, and offered the parties to submit a list of two suggested forensic accountants and the estimated costs for their services. The scope of such services includes obtaining all financial records pertaining to the estate, performing a forensic accounting of estate funds, and an assessment of expenditures made to the Estate Executor. The parties were ordered to submit this information to the Court by October 29, 2021.

On October 27, 2021, Executor filed his Submission of Proposed Forensic Accountants wherein he proposed:

Anna Manibusan, MSA, CPA, CFE, Senior Account at Burder Corner & Associates
333, South Marine Corps Drive, Suite 102, Tamuning, Guam 96913
Phone: (671)646-5044
Hourly Rate: $95/hour; requires $5,000 deposit.

That same day the Heirs submitted their proposed forensic accountants, which included the following:

Daniel Fitzgerld, Certified Public Accountant
Deloitte & Touche

Zany Nace, Certified Public Accountant/MBA.

A status hearing was then held on November 4, 2021. Present at the hearing were two of the proposed forensic accountants: Daniel Fitzgerald and Zany Asuncion Nace. At the hearing Executor expressed his opposition to the Heirs proposed accountant, namely, Daniel Fitzgerld, but made no objection to Zany Asuncion Nace. The parties also requested a hearing on the Objection filed on May 21, 2020, and the Motion filed on March 10, 2020.

Finally, on January 20, 2022, Executor filed, as one pleading, his Opposition to the Motion for Accounting and Objection to the Final Accounting and Petition for Final Distribution of the Estate. Then, a couple days later, on January 24, 2022, the Heirs filed their Reply. A hearing on the Motion and Objection was held on March 22, 2022, where the Court took the matter under advisement. Finding it necessary to address the Motion for Accounting before considering the Objection to the Final Accounting and Petition, the scope of this Decision and Order is limited to the Heirs' Motion for Accounting, Executor's Objection to the Motion, and the Heirs Reply.

**DISCUSSION**

**I.   MOTION FOR ORDER FILING OF ACCOUNTING**

The inquiry before the Court is whether an accounting is required for the Estate. The Heirs argue that the Inventory and Appraisement filed on June 7, 2011, is out of date and that an updated Inventory and Appraisement, and a complete accounting should be filed before final distribution. Heirs' Mot. for Accounting pp. 2 - 3 (March 10, 2020). Executor argues that

not only was an accounting made in 2011 but a further accounting was made November 28, 2016. Exor's Opp'n p. 2 (Jan. 20, 2022).

Title 15 GCA Section 2703 governs when an accounting is required by court, and it states:

> *Whenever required by the Superior Court*, either upon its own motion or upon the application of any person interested in the estate, *the personal representative must render and file with the Clerk of the Superior Court a verified account showing the amount of money received and expended by the personal representative*, the claims filed or presented against the estate, giving the name of each claimant, the nature of the claim, when it became due or will be become due, whether it was allowed or rejected by the personal representative, or not yet acted upon, and all other matters necessary to show the condition of the estate. *If the personal representative neglects or refuses to appear and render such account, after having been duly cited, an attachment may be issued against him and such accounting compelled, or his letters be revoked, or both, in the discretion of the Superior Court.*

15 GCA § 2703(emphasis added). The Court finds that an accounting of the Estate is required for the following reasons. First, the case is old. The instant matter was initiated on May 12, 2005, nearly 17 years ago. Second, the case has passed through two Judges, not including this Court, and at least two law firms, one on each side. Third, the last Inventory and Accounting of the Estate appears to have occurred on November 28, 2016. *See* Exor. Final Acct. & Pet. for Distrib. (Nov. 28, 2016). Fourth, while Executor represents that an accounting was done some two (2) years before 2020, that is 2018, nothing in the record reflects proof of such accounting, nor has Executor availed such proof to date. *See* Min. Entry: 11:07:00 - 11:08:30AM (Feb. 23, 2021). Fifth, the Heirs have expressed their objection to the accounting done in 2016, indicating that the properties purported to be given to the Heirs do not belong to the Estate. *See* Min. Entry: 11:29:00AM (Jun. 8, 2021). Finally, back in February 23, 2021, this Court ordered that (1) no expenditures from the Estate be conducted without the consent of Attorney Georgette Conception and the Heirs, (2) Executor take steps necessary to deliver the Estate funds to the Clerk of Court, and the Clerk of Court shall receive such funds and deposit the

same in a separate interest bearing account with the Court's registry, and (3) all rental payments from the Pacific Star lease be deposited to the Court. Order After Hearing (April 13, 2021). Therefore, even if the 2016 accounting had any weight, that accounting is at least six (6) years old, and will not reflect the effect of the Court's previous order nor would it reflect the true and current value of the Estate. Given these circumstances, the Court finds it necessary for an accounting of the Estate be conducted pursuant to 15 GCA § 2703. *See* 15 GCA § 2703.

## CONCLUSION

For the above reasons, the Court **GRANTS** the Heirs' Motion for an Accounting, **APPOINTS** Zeny Asuncion Nace, Certified Public Accountant/MBA, to serve as the forensic accountant in the instant case, and **ORDERS** that the parties work collaboratively to engage the services of the appointed forensic accountant who will be paid for by the Estate.


**IT IS SO ORDERED** JUL 2 6 2022 .


**HONORABLE ARTHUR R. BARCINAS**
Judge, Superior Court of Guam